## Escheat of Nonprofit Hospitalization Corporations

KANE, *Attorney General,* April 11, 1975—You have requested our advice regarding the correct interpretation of section 29 of the Act of August 9, 1971, P.L. 286, 27 P.S. §§1-1, et seq., known as the Disposition of Abandoned and Unclaimed Property Act. That section provides:

"The provisions of this act shall not apply to *nonprofit hospitalization corporations* or *nonprofit medical service corporations.*" (emphasis supplied).

Controversy has arisen as to precisely what corporate institutions are meant to be thus excluded. It is our opinion, and you are so advised, that this language is meant to exclude only nonprofit insurance corporations that provide hospitalization or medical service insurance, rather than nonprofit hospitals.

Any doubt about the meaning of these terms in the Disposition of Abandoned and Unclaimed Property Act must be resolved in a manner consistent with prior legislation: 1 Pa.C.S. §1921(c)(5). The exact language of section 29 has been used previously by the General Assembly to refer to insurance corporations in section 1 of the Act of July 16, 1968, P.L. 358, as amended, 24 P.S. §5-513(a):

"Section 513. Group insurance contracts

"(a) Any school district may make contracts of insurance with any insurance company, or *nonprofit hospitalization corporation,* or *nonprofit medical service corporation,* authorized to transact business within the Commonwealth, insuring

its employes, their spouses and dependents and retired employes, or any class or classes thereof, under a policy or policies of group insurance covering life, health, hospitalization, medical service, or accident insurance, and may contract with any such company granting annuities or pensions, for the pensioning of such employes, and may contract with *any such company insuring* members of the school board under policies of travel and accident insurance while on the official business of the board, including travel to and returning from meetings of the board or committees thereof, and for such purposes may agree to pay part or all of the premiums or charges for carrying such contracts, and may appropriate out of its treasury any money necessary to pay such premiums or charges or portions thereof. No contract or contracts of insurance authorized by this section shall be purchased from or through any person employed by the school district in a teaching or administrative capacity." (emphasis supplied).

Thus, it must be assumed that the General Assembly meant to denote insurance institutions by the term "nonprofit hospitalization corporation and nonprofit medical service corporations" in the Disposition of Abandoned and Unclaimed Property Act, as it did explicitly when it used the terms vis-a-vis group insurance contracts.

Furthermore, the term "nonprofit hospital" has also been previously used and defined by the legislature in the Act of July 5, 1947, P.L. 1335, 35 P.S. §441.3(f), repealed by the Act of August 5, 1968, P.L. 300:

"'Nonprofit Hospital' means any hospital owned and operated by a corporation or association, no

part of the net earnings of which inures, or may lawfully inure to, the benefit of any private shareholder or individual."

Surely, if the legislature had sought to exempt nonprofit hospitals from the Disposition of Abandoned and Unclaimed Property Act, it would have used the same direct terminology previously used and defined, rather than the convoluted phrase in question.

Since the legislature has previously used both phrases, "nonprofit hospitalization corporation" and "nonprofit hospital," its subsequent use of the term "nonprofit hospitalization corporation" must be construed in accord with its earlier use of the former rather than the latter phrase.

Finally, our construction of the exclusion is consistent with sound legislative policy, as is mandated by 1 Pa.C.S. §1922(1). The only abandoned property that could be held by a health insurance corporation would be the premium for an unexpired policy, at most, one or two hundred dollars. The expense of computing and escheating this money would probably not be justified. Thus, it is sensible that these corporations were exempted. On the other hand, a nonprofit hospital might retain extremely valuable possessions, such as jewelry, of a former patient. To allow such valuables to escape escheat would be to provide large windfalls to nonprofit hospitals. Such property is normally escheatable to the Commonwealth. It must be presumed that—absent a specific intent to the contrary—the General Assembly meant for the Commonwealth to continue to receive the benefit of such windfalls rather than have them go to nonprofit hospitals, as it is always presumed "that the Gen-

eral Assembly intends to favor the public interest as against any private interest.": 1 Pa.C.S. §1922(5).

For all of the above reasons, you are advised that section 29 of the Disposition of Abandoned and Unclaimed Property Act does not exclude nonprofit hospitals from the purview of that act.